UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VINCENT FERTITTA, JR., ET AL.** | **CIVIL ACTION NO: 23-CV-5568** |
| **VERSUS** | **JUDGE DARREL JAMES PAPILLION** |
| **ATLANTIC CASUALTY INSURANCE COMPANY** | **MAGISTRATE JUDGE JANIS VAN MEERVELD** |

## ORDER AND REASONS

Before the Court is a Motion to Compel Appraisal and Administratively Close Case Pending Appraisal filed by Defendant Atlantic Casualty Insurance Co. ("Atlantic Casualty"). R. Doc. 13. Plaintiffs Vincent Fertitta, Jr. and Fertitta Rizzo Properties, Inc. (collectively, "Fertitta") oppose the motion. For the reasons assigned below, Atlantic Casualty's motion is **GRANTED**.

## BACKGROUND

This is an insurance dispute arising out of damage to Fertitta's buildings and improvements from Hurricane Ida in August 2021. R. Doc. 1-2. At the time of the damage, the properties were insured by Atlantic Casualty. *Id.* Following Hurricane Ida, Atlantic Casualty paid Fertitta $141,517.68 for damage to the properties pursuant to the insurance policy. *Id.* at ¶¶ 3, 4. Fertitta, however, demanded an additional $356,855.48. R. Doc. 13-5 at 1. On March 20, 2023, after a supplemental estimate, Atlantic Casualty made a supplemental payment to Fertitta in the amount of $172,575.80. R. Doc. 13-1 at 4. The parties attempted to negotiate a final settlement of Fertitta's remaining demand without success.

On August 28, 2023, Fertitta filed suit in Orleans Parish Civil District Court, seeking additional sums for losses he contends are covered by the policy, as well as for penalties for bad faith damages due to Atlantic Casualty's delayed March 2023 supplemental payment and failure to make full payment of sums owed. R. Doc. 1-2. After this case was removed to this Court,

Atlantic Casualty filed this motion seeking to compel appraisal and stay this matter pending resolution of the appraisal process.  While Fertitta "agree[s] to participate in appraisal of the amount of loss," he "oppose[s] stay or administrative closure of the pending claims for statutory penalties."  R. Doc. 16 at 1.  Accordingly, because Fertitta does not object to participating in the appraisal process, the Court hereby grants Atlantic Casualty's request to compel appraisal[1] and will address only the issue of whether this matter should be stayed pending appraisal.

## LAW AND ANALYSIS

Federal courts have "wide discretion to control the course of litigation, which includes authority to control the scope and pace of discovery."  *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990) (citing *Matter of Evangeline Refining Co.*, 890 F.2d 1312, 1320 (5th Cir. 1989)).  It is well-settled in this District that this authority allows a district court to stay a case pending completion of an appraisal.  *Smith v. United Servs. Auto. Ass'n*, No. 07-CV-3562, 2008 WL 11354975, at *2 (E.D. La. Jan. 16, 2008) (collecting cases).  The Fifth Circuit has cautioned, however, that even discretionary stays "will be reversed when they are 'immoderate or of an indefinite duration.'"  *Ramu*, 903 F.2d at 318 (quoting *McKnight v. Blanchard*, 667 F.2d 477, 497 (5th Cir. 1982)).  In determining whether to stay a case pending appraisal, courts consider: (1) the hardship and inequity on the moving party absent a stay; (2) the prejudice the non-moving party will suffer if a stay is granted; and (3) judicial economy.  *Glasper v. S. Fidelity Ins. Co.*, No. 20-CV-2416, 2021 WL 411447, at *8 (E.D. La. Feb. 5, 2021) (collecting cases).

Atlantic Casualty argues these factors weigh in favor of a stay.  Specifically, it argues Fertitta will not be prejudiced because appraisal proceedings are brief, the appraisal may resolve Fertitta's claims, and "the proposed stay fulfills the intent of the parties to the contract of

---

[1] The Court agrees with the parties that appraisal under the policy is triggered.

insurance." R. Doc. 13-1 at 7.  Fertitta, on the other hand, insists the relevant factors do not support a stay.  Fertitta contends there is a "heavy burden" on a party seeking to stay proceedings and argues Atlantic Casualty has failed to meet this burden because it "does not offer any hardship or inequity that it will suffer without a stay." R. Doc. 16 at 3 (emphasis omitted).  Fertitta also argues there is no potential that a stay will negate the need to litigate *all* of his remaining claims.  Fertitta argues that even if the appraisal resolves Fertitta's claims for outstanding coverage and penalties relating to that amount, it will not resolve his penalty claim relating to the alleged delay of the March 2023 supplemental payment.  *Id.* at 4.  Moreover, Fertitta insists that if he prevails on his penalty claim for the March 2023 supplemental payment, Atlantic Casualty could owe a substantial penalty, and a delay in recovery of this amount will prejudice Fertitta.  *Id.*  Finally, Fertitta argues litigating his penalty claims will not lead to a waste of judicial resources because there is no reason to believe the appraisal will cause Atlantic Casualty to agree to settle Fertitta's claims for statutory penalties.  *Id.*

   After careful consideration of the facts of this particular case, the arguments of the parties, and the applicable law, the Court finds a stay is appropriate.  As a threshold matter, the Court agrees with Fertitta that even if the appraisal has the potential to resolve Fertitta's penalty claim relating to his outstanding demand, it almost certainly will not eliminate the need to litigate his penalty claim relating to the alleged delay in receiving the March 2023 supplemental payment.  But while Fertitta uses this point to argue against a stay, the Court finds that it actually weighs in favor of a stay.  Should the appraisal fail to resolve Fertitta's penalty claim for the coverage he contends remains outstanding, the parties would essentially be forced to litigate successive penalty claims that, despite involving separate failures to pay, involve the same parties, the same insurance policy, and the same generally applicable law.  It does not require much imagination to see how

piecemeal litigation of this type poses a danger of duplicative effort and an accompanying waste of time and resources by the parties, counsel, and the Court.  When balancing the risk of prejudice to Fertitta against the potential harm to the parties and judicial economy, the Court finds the potential for waste of resources greatly outweighs the risk that Fertitta will be prejudiced from a temporary and brief stay of these proceedings.[2]  *See Glasper*, 2021 WL 411447, at *9.  Finding that the relevant factors, including potential hardship on the moving party absent a stay, potential prejudice to the non-moving party, and respect for judicial economy, all weigh in favor granting a stay in this case, the Court grants Atlantic Casualty's motion.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Atlantic Casualty's motion is **GRANTED**.  The parties shall proceed with an appraisal of the property located at 3827-3837 Frenchman Street, in New Orleans, Louisiana, under the terms of the subject policy.

**IT IS FURTHER ORDERED** that this matter is **STAYED** and **ADMINISTRATIVELY CLOSED** until October 8, 2024, or completion of the appraisal, whichever occurs first.  Following the earlier of these events, the parties shall file a joint motion to lift the stay and reopen this matter.

New Orleans, Louisiana, this 8th day of April 2024.

_____
**DARREL JAMES PAPILLION
UNITED STATES DISTRICT JUDGE**

---

[2] To ensure that any such prejudice is minimized, however, the Court will order the stay be lifted no later than six months from the date of this Order and Reasons, rather than at the completion of the appraisal process.